UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SHERRI JENKINSON,**

    **Plaintiff,**

**v.**                                                                          Case No: 5:23-cv-579-JSM-PRL

**EXPERIAN, INFORMATION**
**SOLUTIONS, INC and NAVY**
**FEDERAL CREDIT UNION,**

    **Defendants.**

## ORDER

Before the Court is Defendant Navy Federal Credit Union's motion to compel Plaintiff Sherri Jenkinson's responses to its requests for admissions, production of documents, and interrogatories. (Doc. 40). Defendant contends that Plaintiff failed to respond to its discovery requests despite agreeing to two extensions and its continuous efforts to follow up with Plaintiff on such requests. Plaintiff has failed to file a response to Defendant's motion to compel discovery within the time permitted. Because Defendant's motion to compel discovery is unopposed, it is due to be granted.

Defendant recites that on August 22, 2024, it served requests for admissions, production of documents, and interrogatories upon Plaintiff and her counsel (Farheen Jahangir and Santiago Jorge Teran). (Doc. 40 at p. 1). About three weeks after being served with Defendant's discovery requests, Farheen Jahangir and Santiago Jorge Teran moved to withdraw as Plaintiff's counsel on September 11, 2024 and September 13, 2024, respectively. (Docs. 31 & 33). The Court granted both motions to withdraw on the same day they were filed, noting that Neil Khan, who Plaintiff retained as counsel in early September 2024, will

continue to represent the Plaintiff in the case. (Docs. 27, 32, & 35). Following the entry of the Court's Orders, Defendant forwarded the previously served discovery requests to Mr. Khan on September 16, 2024. (Doc. 40 at p. 2). The parties subsequently agreed to an extension through September 27, 2024 for Plaintiff to respond to Defendant's discovery requests and given that Plaintiff retained Mr. Khan as counsel a few weeks before discovery was set to close on October 4, 2024, Plaintiff moved to extend the discovery deadline by 60 days on September 23, 2024. (Doc. 39; Doc. 40 at p. 2).[1]

Plaintiff did not respond to Defendant's discovery requests by the agreed upon extension deadline of September 27, 2024. (Doc. 40 at p. 2). Consequently, on September 30, 2024, Defendant emailed Mr. Khan regarding Plaintiff's lack of response. (*Id.*). After conferring with Mr. Khan, the Defendant agreed to a second extension through October 2, 2024 for Plaintiff to respond to Defendant's discovery requests. (*Id.*). Plaintiff again failed to provide any responses to Defendant's discovery requests or request an extension to do so by the agreed upon deadline of October 2, 2024. (*Id.*). Defendant attempted to confer with Mr. Khan via email before the discovery deadline on October 2, 2024 and October 3, 2024. (*Id.*).

---

[1] Specifically, in her motion to extend the discovery deadline, Plaintiff requested a 60-day extension of the October 4, 2024 discovery deadline so that she can serve her discovery requests to either defendant and for her new counsel, Mr. Khan, to "get[] up to the speed on the case." (Doc. 39 at p. 1). Notably, Plaintiff did not assert in the motion that she needed additional time to complete discovery in order to respond to Defendant's discovery requests. While Defendant did not file a response in opposition to Plaintiff's motion to extend the discovery deadline, Defendant contends that despite Plaintiff's assertions in the record that Mr. Khan needed additional time to get up to speed in the case, Defendant believes that Plaintiff's representation of counsel has been with the same law firm—Michigan Consumer Credit Lawyers (formerly called Credit Repair Lawyers of America)—throughout this entire dispute, as evidenced by Gary Nitzkin (founder of Michigan Consumer Credit Lawyers) attempting to serve discovery on both Defendants Navy Federal Credit Union and Experian Information Solutions, Inc. on September 23, 2024. (Doc. 40 at p. 2). Nevertheless, on October 16, 2024, the Court granted Plaintiff's motion to extend the discovery deadline as unopposed under Local Rule 3.01(c), extending the discovery deadline by 60 days. (Doc. 41).

Having received no response from Mr. Khan nor any responses to its discovery requests, Defendant then filed this instant motion to compel discovery on October 3, 2024. (Doc. 40 at pp. 2-3). To date, Plaintiff has failed to respond to Defendant's motion to compel discovery and the time for doing so has now passed. *See* M.D. Fla. Local Rule 3.01(c) ("A party may respond to a motion within fourteen days after service of the motion.").

Accordingly, Defendant's motion to compel discovery (Doc. 40) is **GRANTED**. Within **14 days** of the entry date of this Order, Plaintiff shall provide her responses to Defendant's requests for production of documents and interrogatories. Defendant's requests for admissions are deemed admitted pursuant to Rule 36 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 36(a)(3) (stating that requests for admissions that comply with Rule 36(a)(1) are deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney").

Because the motion to compel is granted, Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure applies here. Under Rule 37(a)(5)(A), if a motion to compel is granted, then "the [C]ourt must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court must not, however, order this payment if: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." *Id*.

Thus, within **14 days** of the entry date of this Order, Defendant is directed to file an affidavit of its reasonable expenses, including attorney's fees, incurred in making the motion. Plaintiff shall then have **7 days** from the date that Defendant's affidavit is filed to file any objections to the expenses and fees sought. Upon receipt of Defendant's affidavit and any objections filed by the Plaintiff, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing. Alternatively, if the parties can reach an agreement regarding reasonable expenses, including attorney's fees, they should so advise the Court by written notice within the time frame stated above.

**DONE** and **ORDERED** in Ocala, Florida on October 24, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties