UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SHERRI JENKINSON,**

    **Plaintiff,**

**v.**                                                         Case No: 5:23-cv-579-JSM-PRL

**EXPERIAN, INFORMATION
SOLUTIONS, INC and NAVY
FEDERAL CREDIT UNION,**

    **Defendants.**

## ORDER

Before the Court is Defendant Navy Federal Credit Union's request for attorney's fees. (Doc. 46). Previously, the Court granted Defendant's unopposed motion to compel discovery and determined that Defendant was entitled to reasonable attorney's fees and expenses incurred by counsel in preparing and filing the motion. (Doc. 42). The Court directed the Defendant to file an affidavit supporting the request for attorney's fees and expenses and permitted the Plaintiff to file any objections seven days thereafter. (*Id*.). Pursuant to the Court's Order, Defendant filed an affidavit signed by its counsel, Jacqueline Simms-Petredis, seeking $1,137.50 in attorney's fees, which consists of 2.90 hours spent on the discovery dispute associated with Defendant's motion to compel and 0.60 hours spent preparing the affidavit, based on an hourly rate of $325. (Doc. 46 at ¶¶ 4-6). Plaintiff Sherri Jenkinson filed a response in opposition, disputing the reasonableness of Defendant's fee request. (Doc. 51). Upon review, the Court finds that Defendant Navy Federal Credit Union is due to be awarded $360.00 in attorney's fees related to its routine motion to compel.

## I. DISCUSSION

While the Court has determined that the Defendant has a right to recover attorney's fees associated with the successful motion to compel, the Court has a corresponding duty to ensure that such an award is reasonable. In determining a reasonable award of attorney's fees, the Court applies the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman,* 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### A. Reasonableness of Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. "The attorney fee applicant should present records detailing the amount of work performed[,]" and "[i]nadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Then, "[t]he fee opponent . . . 'has the burden of pointingout [sic] with specificity which hours should be deducted." *Rynd v. Nat'l Mut. Fire Ins. Co.,* No. 8:09-CV-1556-T-27TGW, 2012 WL 939387, at *3 (M.D. Fla. Jan. 25, 2012), *report and recommendation adopted*, No. 8:09-CV-1556-T-27TGW, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012) (quoting *Centex-Rooney Const. Co. v. Martin Cnty.*, 725 So. 2d 1255, 1259 (Fla. Dist. Ct. App. 1999)). "[A]ttorneys 'must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary.'" *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (quoting *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)) (internal quotations omitted). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *See id*.

Here, Defendant seeks compensation for 3.50 hours, consisting of 2.90 hours[1] Ms. Simms-Petredis spent on the discovery dispute associated with Defendant's motion to compel and 0.60 hours preparing the affidavit. (Doc. 46 at ¶¶ 4-5). Defendant's request for attorney's

---

[1] It is unclear to the Court how Ms. Simms-Petredis arrived at 2.90 hours for her time spent working on the motion to compel, as her billing records show that she expended a total of 3.70 hours on the motion to compel. (*See* Doc. 46-1).

fees is supported by Ms. Simms-Petredis' affidavit and billing records. (*See* Doc. 46; Doc 46-1). According to her billing records, Ms. Simms-Petredis spent 0.20 hours emailing opposing counsel about Plaintiff's failure to respond to Defendant's discovery requests on October 2, 2024; 1.20 hours drafting the motion to compel, communicating with Defendant about the motion to compel, and sending a follow-up email to opposing counsel about Plaintiff's outstanding discovery responses on October 3, 2024; 0.20 hours communicating with Defendant about the motion to compel and status of opposing counsel on October 4, 2024; 0.30 hours analyzing Plaintiff's insufficient interrogatory responses received and communicating with opposing counsel about the same on October 7, 2024; 1.40 hours for "OC communications regarding multiple issues," strategizing about the motion to compel and other discovery-related issues, and providing an update to the Defendant about the case on October 15, 2024; and 0.40 hours analyzing the Court's Order granting the motion to compel and updating the Defendant of the same on October 24, 2024. (Doc. 46-1).

With the exception of the time spent drafting and filing the motion to compel on October 3, 2024, Plaintiff objects to all the other hours Ms. Simms-Petredis spent working on the motion to compel, contending that those hours are unreasonable because they were not incurred in making the motion to compel pursuant to Rule 37(a)(5)(A). (Doc. 51 at pp. 3-6). As such, Plaintiff requests that the following hours Ms. Simms-Petredis billed be disallowed: (1) 0.20 hours billed on October 2, 2024 for "[o]pposing counsel communication regarding discovery deadline missed"; (2) 0.20 hours billed on October 3, 2024 for "[o]pposing counsel communications regarding discovery responses"; and (3) all hours billed after October 3, 2024—the date on which the motion to compel was filed. (*Id*. at pp. 4-5).

After reviewing the motion to compel and considering the circumstances in this matter, the Court agrees with the Plaintiff that most of Ms. Simms-Petredis' hours are excessive because they were not incurred in making the motion to compel pursuant to Rule 37(a)(5)(A), and therefore, a reduction of Ms. Simms-Petredis' time is appropriate. Under Rule 37(a)(5)(A), an award of expenses is limited to the "expenses incurred in making the motion [to compel]." Fed. R. Civ. P. 37(a)(5)(A). "Rule 37(a)(5)(A) provides for an award of the expenses incurred in filing a motion to compel, [but] not the expenses incurred in trying to obtain discovery responses before filing a motion to compel." *Odom v. Navarro*, No. 09-21480-CIV, 2010 WL 547652, at *4 (S.D. Fla. Feb. 11, 2010) (disallowing from the fee award all hours spent trying to obtain defendants' discovery responses before drafting the motion to compel); *see Skybolt Aeromotive Corp. v. MilSpec Prod., Inc.*, No. 5:16-CV-616-OC-PRL, 2017 WL 2464119, at *4 (M.D. Fla. June 7, 2017) (excluding from the fee award all hours that predated the draft of the motion to compel). Thus, the Court finds that the 0.20 hours that predate October 3, 2024—the date Ms. Simms-Petredis drafted and filed the motion to compel—will not be awarded to the Defendant.

Further, "any other requested hours that were incurred after or during the motion's drafting, but were not associated with 'making the motion to compel,' also are not compensable." *Skybolt Aeromotive Corp.*, 2017 WL 2464119, at *5 (excluding from the fee award all hours that were incurred after filing the motion to compel, including the hours incurred for drafting the affidavit of attorney's fees associated with the motion to compel). In this case, with the exception of the time Ms. Simms-Petredis spent drafting and filing the motion to compel on October 3, 2024, the hours not compensable are the ones that Ms. Simms-Petredis incurred after drafting and filing the motion to compel on October 3, 2024.

The Court will allow Defendant to recover fees for all the time Ms. Simms-Petredis spent on October 3, 2024, including the time she spent attempting to confer with opposing counsel about Plaintiff's outstanding discovery responses in an effort to avoid filing the motion to compel. *See Pruco Life Ins. Co. v. Howen*, No. 2:23-CV-54-SPC-NPM, 2024 WL 1417406, at *2 (M.D. Fla. Apr. 2, 2024) (accounting for the opposing party's unresponsiveness in awarding fees on a routine unopposed motion to compel); *cf. Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, No. 6:19-CV-1908-WWB-EJK, 2022 WL 8217011, at *5-6 (M.D. Fla. July 22, 2022), *report and recommendation adopted*, No. 6:19-CV-1908-WWB-EJK, 2022 WL 4285897 (M.D. Fla. Sept. 16, 2022) (discussing the practice of block billing and the broad discretion courts have in determining whether the number of hours claimed in attorney's fees should be reduced). Accordingly, the Court finds that 1.20 hours is a reasonable number of hours counsel incurred in making the motion to compel.

### B. Reasonableness of Hourly Rate

Next, the Court must determine the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id*. The trial court itself is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *See id*. at 1303.

Here, Defendant requests an hourly rate of $325 for Ms. Simms-Petredis, a partner at Burr & Forman LLP, for her time spent preparing the motion to compel and the affidavit. (Doc. 46 at ¶¶ 4-5). Plaintiff objects to the hourly rate sought by Defendant, arguing that

Ms. Simms-Petredis' hourly rate of $325 should be reduced because she failed to provide any evidence, other than her affidavit, showing that her hourly rates were reasonable. (Doc. 52 at pp. 2-3). While Defendant offers a notarized affidavit signed by Ms. Simms-Petredis to support the requested hourly rate, Defendant does not offer any other "direct evidence of rates charged under similar circumstances." *See Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*, No. 608-CV-1182-ORL22DAB, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010) (citing *Norman*, 836 F.2d at 1299). In the absence of additional evidence, the Court may use its own discretion and expertise to determine a reasonable hourly rate for an award of attorney's fees. *See Norman*, 836 F.2d at 1303.

Given that Defendant failed to provide any detail, explanation, or evidentiary support for the hourly rate it seeks, the Court is not persuaded that a $325 hourly rate is justified for a routine unopposed motion to compel that could have been prepared by a first-year associate. *See Pruco Life Ins. Co.*, 2024 WL 1417406, at *1-2 (reducing hourly rate to $300 where there was no detail or explanation for the requested rate on a routine motion to compel); *Roskovensky v. Sanibel Captiva Island Vacation Rentals, LLC*, No. 2:22-cv-602-JLB-NPM, 2024 WL 474123, at *1-2 (M.D. Fla. Feb. 7, 2024) (reducing hourly rate to $250 for a routine motion to compel); *see also Singh v. Orlando Health, Inc.*, No. 6:22-CV-1365-RBD-EJK, 2023 WL 4052270, at *1 (M.D. Fla. June 16, 2023) (approving an hourly rate of $300 per hour on a motion to compel for a principal attorney with 15 years of experience). In this case, the motion to compel did not raise any novel or complex issues, as the motion was premised on Plaintiff's total failure to respond to discovery requests. (Doc. 40 at pp. 1-4). Accordingly, based on the Court's experience and familiarity with rates in the Ocala Division and Middle District of Florida, the Court finds that an hourly rate of $300 is

- 8 -

reasonable.

## II. CONCLUSION

Based upon the foregoing, the Court finds that Defendant's counsel reasonably incurred 1.20 hours in preparing and filing the motion to compel and that an hourly rate of $300 is reasonable. Thus, the Court will award Defendant Navy Federal Credit Union $360.00 in attorney's fees related to the motion to compel. Accordingly, within **10 days** of the entry date of this Order, Plaintiff shall remit to Defendant Navy Federal Credit Union **$360.00**, which represents the reasonable attorney's fees incurred in the preparation and filing of the motion to compel.

**DONE** and **ORDERED** in Ocala, Florida on December 3, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties